| | AUSA: | Matthew Roth | Telephone: (313) 226-9186 |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: | Steven Allick, A.T.F. | Telephone: (313) 202-3450 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

| United States of America | | |
|---|---|---|
| v. | | Case: 2:20-mj-30186 |
| Terrell REESE | | Assigned To : Unassigned |
| | Case No. | Assign. Date : 6/2/2020 |
| | | Description: RE: SEALED MATTER (EOB) |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 16, 2020__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § § 922(g)(1) | Felon in possession of a firearm - 18 U.S.C. § 922(g)(1) |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent Steven Allick, A.T.F.
*Printed name and title*

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: June 2, 2020

*Judge's signature*

City and state: Detroit, Michigan

Hon. David R. Grand, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Special Agent Steven Allick, being duly sworn, do hereby state the following:

### I.   INTRODUCTION

1. I am a Special Agent, with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) United States Department of Justice, and have been so employed since May of 2014. I am currently assigned to the Detroit Field Division. I completed twenty-six weeks of training, which was comprised of the Criminal Investigator Training Program and the ATF Special Agent Basic Training program at the Federal Law Enforcement Training Center in Glynco, Georgia. I received extensive training on firearms identification, common scenarios involving firearms and narcotics trafficking, and identification and effects of controlled substances. Additionally, I received training on undercover investigations related to firearms and narcotics trafficking, which included investigative techniques and common subject behavior.

2. During the course of my employment with ATF, I have investigated criminal violations relating to firearms, explosives, arson, violent crime, criminal street gangs and narcotics. I have participated in all aspects of criminal investigations, including, but not limited to, interviews, physical surveillance, and the execution of search warrants. I have personally investigated and/or assisted other

1

agents and officers in their investigations involving violations of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm).

3. The statements contained in this affidavit are based on my personal observations during the investigation, conversations with other law enforcement officers, a review of relevant police reports and my involvement in this investigation. This affidavit also includes information provided to me by and/or through other law enforcement agents, investigators and individuals with knowledge of this matter, my investigation, and the review of documents.

4. This affidavit does not provide each and every detail I know regarding this investigation; rather it provides information necessary to establish probable cause that Terrell REESE (DOB: XX/XX/1996) violated 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm).

## II. PROBABLE CAUSE

5. On May 16, 2020, Detroit Police Department (DPD) Officers responded to a shots fired in progress call at Kercheval and Philip Streets, Detroit, MI, in the Eastern District of Michigan. While Officers were traveling South on Philip Street, Officers observed REESE standing in the street. REESE began walking toward 1XXX Philip Street, when Officers observed the end of a pistol handle inside REESE's left front pocket. Officers recovered a Glock, model 30s, 45 caliber pistol, serial number WLB694 from REESE's pocket. Officers recovered

one live round of ammunition from the chamber of the firearm and nine live rounds of ammunition from the magazine.

6. Officers asked REESE if he had a CPL and REESE replied, "Yeah I think it's in my car." REESE was detained at this time, then later admitted to Officers that he does not have a CPL. REESE was arrested for carrying a concealed weapon (CCW) and transported to the Detroit Detention Center.

7. A review of REESE's criminal history shows that he has a 2015 conviction in the United States District Court for the Western District of Michigan, Case No. 1:15-CR-10-03, for Conspiracy to Commit Credit Union Robbery, in violation of 18 U.S.C. §§ 371 and 2113(a). As a result of this felony conviction, Terrell REESE was sentenced to 42 months in the custody of the United States Bureau of Prisons.

8. REESE had knowledge that his crime of conviction carried a penalty of more than one year in prison. In fact, REESE served approximately 30 months in federal prison, and was currently serving a three-year term of supervised release when he was arrested on May 16, 2020.

9. On May 26, 2020, ATF Special Agent Shannon Richardson advised your affiant that the Glock, model 30s, serial number WLB694, 45 caliber pistol was manufactured outside the state of Michigan and therefore had traveled in and affected interstate and/or foreign commerce.

3

### III. CONCLUSION

10. Based upon the information above, there is probable cause to believe that Terrell REESE, knowing that he had been previously convicted of a felony, knowingly possessed a Glock, 45 caliber pistol, model 30s, serial number WLB694, a firearm manufactured outside the state of Michigan, in violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm).

_____
Steven Allick
Special Agent, ATF

Sworn to and subscribed to me in my presence,
and/or by reliable electronic means,
this 2nd day of June, 2020

_____
HONORABLE DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE